IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GABRIEL RUBIO VILLANUEVA, 45921-177, | § | |
| Petitioner, | § | |
| | § | 3:15-CV-1645-L |
| v. | § | 3:13-CR-0064-L |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.  Procedural Background**

Petitioner pled guilty without a plea agreement to illegal reentry after removal in violation of 8 U.S.C. §§ 1326(a) and (b)(2).  On December 2, 2013, the Court sentenced him to 72 months in prison.  On August 18, 2014, the Fifth Circuit Court of Appeals dismissed his appeal finding there were no non-frivolous issues.

On May 11, 2015, Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255.  He argues:

1.   He received ineffective assistance of counsel when counsel failed to object to the 16-level enhancement under USSG § 2L1.2(b)(1)(A); and

2.   The government committed procedural error when it failed to award him a third

Page 1

point reduction for acceptance of responsibility.

On July 20, 2015, the government filed its answer. On August 14, 2015, Petitioner filed a reply. The Court now determines the petition should be denied.

## II. Discussion

A. **Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such that prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*. "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

Petitioner pled guilty to illegal reentry into the United States. Under the sentencing guidelines, if a defendant is convicted of unlawful reentry, and was previously convicted of a drug trafficking offense for which the sentence imposed exceeded thirteen months, the base

offense level is increased by sixteen levels. *See* USSG § 2L1.2(b)(1)(A).

The record shows that prior to Petitioner's conviction for unlawful reentry, he was convicted in Louisiana state court of possession of cocaine with intent to deliver and received a sentenced of five years. Petitioner argues this drug conviction does not constitute a "drug trafficking offense" under USSG § 2L1.2(b)(1)(A) because the Louisiana statute encompasses activity that falls outside of the drug trafficking definition in § 2L1.2(b)(1)(A). Petitioner claims his counsel was therefore ineffective for failing to object to the 16-level enhancement.

When determining whether a prior conviction qualifies as a level-enhancing offense under the guidelines, courts typically use the categorical approach set forth in *Taylor v. United States,* 495 U.S. 575, 602 (1990). **"[W]e examine the elements of the offense, rather than the facts underlying the conviction or the defendant's actual conduct, to determine whether" the enhancement applies.** *United States v. Carrasco–Tercero,* 745 F.3d 192, 195 (5th Cir. 2014) **(alteration in original) (internal quotation marks omitted).**

**Where the statute is a "divisible statute" that sets forth multiple offenses, courts employ a "modified categorical approach."** *Descamps v. United States,* ––– U.S. ––––, 133 S.Ct. 2276, 2281 (2013). The modified categorical approach is as follows:

> If one of the alternative elements is a categorical match for an element in the generic offense, but another alternative element is not, courts may look at a limited class of documents to determine which alternative element formed the basis of a defendant's prior conviction. Courts may consider only the "charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented." After reviewing these documents, the court can then compare the actual offense elements for which the defendant was convicted with the elements of the generic crime.

*United States v. Teran Salas*, 767 F.3d 453, 458 (5th Cir. 2014), *cert. denied*, 135 S.Ct. 1892

(2015) (quoting *Shepard v. United States*, 544 U.S. 13, 16 (2005)) and (citing *Descamps*, 133 S.Ct. at 2281)).

In this case, the Louisiana statute is a divisible statute with multiple sections. Sections A and B address the manufacture and distribution of a controlled substance. Section C addresses possession of a controlled substance, which Petitioner argues makes the enhancement inapplicable to him because possession is not defined as a drug trafficking offense. Section A of the statute states as follows:

> A. Manufacture; distribution . . . it shall be unlawful for any person knowingly or intentionally:
>
> (1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance or controlled substance analogue classified in Schedule II;
>
> (2) To create, distribute, or possess with intent to distribute, a counterfeit controlled dangerous substance classified in Schedule II.

LSA-R.S. 40:967. This language is similar to the definition of a drug trafficking offense under USSG § 2L1.2, which states:

> "Drug trafficking offense" means an offense under federal, state, or local law that prohibits the manufacture, import, export, distribution, or dispensing of, or offer to sell a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

USSG § 2L1.2, comment, n.1(B)(iv).

The record shows Petitioner was convicted of distribution under Section A of the statute, rather than possession under Section C. Petitioner was charged with, and pled guilty to, possession of cocaine with intent to distribute. (*See* state court judgment and Bill of Information

attached to PSR.)[1] Petitioner was therefore convicted under Section A of the Louisiana statute and is guilty of a drug trafficking offense under USSG § 2L1.2. Petitioner's ineffective assistance of counsel claim is without merit.

**B.    Government Error**

Petitioner claims the government committed error by failing to award him a third point reduction in his sentence based on his acceptance of responsibility. Respondent argues this claim is procedurally barred.

When a defendant fails to raise a claim on direct appeal, the claim is procedurally defaulted and can only be considered under § 2255 if the petitioner can show cause for his failure to raise the claim on direct appeal, and actual prejudice, or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). The record shows Petitioner failed to raise this claim on direct appeal. Petitioner has shown no cause for his failure to raise this claim and has not alleged he is actually innocent. Petitioner's claim is procedurally barred.

Additionally, although the government did not move for a third point reduction, the Court considered the one-point reduction in determining the discretionary guidelines and imposing sentence. (Sent. Tr. at 19-20.) With the third point reduction, Petitioner's guideline range was 70 to 87 months. The Court sentenced Petitioner to 72 months. Petitioner's claim is without merit.

---

[1]To the extent Petitioner argues the Court improperly relied on the PSR to determine that his prior conviction was a drug trafficking crime, this claim is without merit. The record shows the PSR included the charging instrument, judgment, and court minutes report from his state court conviction. (*See* PSR attachments.)

**III.  Recommendation**

For the foregoing reasons, the Court recommends that the motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 9th day of August,  2016.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

     A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).